The Honorable Thomas M. Klein State Representative, 103rd District State Capitol, Room 284-W Topeka, Kansas 66612
Dear Mr. Klein:
As representative for the 103rd district you request our opinion regarding "the legality of the use and placement of a machine known as the Lucky Shamrock Phone Card Dispenser in retail outlets throughout the State of Kansas."
Information accompanying your request includes the following definition of the game and the machine in question:
 "LS [Lucky Shamrock] Emergency Phone Cards are sold in dispensing machines located in convenience stores and other locations around the state. . . . A patron wanting to purchase an LS Emergency Phone Card inserts a one dollar bill into the machine and, in return, receives a card good for one minute of long distance telephone time. Each card contains a 1-800 number to access the long distance network and a Personal Identification Number to validate the call. The one dollar price for a minute of long distance is a reasonable charge, less than the ATT calling card charge of $1.08 and comparable to the MCI charge of $.94. . . .
 "In addition to receiving the long distance credit, and for no additional charge, the purchaser of the phone card gets to participate in the LS sweepstakes promotion. Each phone card contains a configuration of 9 symbols, winning combinations of which entitle the bearer to money prizes ranging in value from $1 to $1,000. The symbols are also bar coded on the back of each phone card and are read by the dispensing machine after the phone card is purchased. After the card is dispensed, the dispenser pictures on the screen the same combination of symbols which are contained on the sweepstakes promotion portion of the phone card. The customer can, therefore, determine whether the card contains a winning combination of symbols either by scratching or peeling off the covering of the phone card or by viewing the screen.
 "One does not have to purchase a long distance calling card in order to participate in the sweepstakes, as sweepstakes entry tickets with no long distance telephone credit are available at no charge from the retail outlet as well as through the mail from LS. The fact that free tickets are available from the retail outlet is posted on the phone card dispensing machine. . . . [A] patron who obtains a free ticket from the cashier of the retail outlet does find out instantly whether he or she is a winner by simply pulling the ticket apart and looking at the configuration of symbols on the inside of the ticket. Winners, whether they have purchased a phone card or obtained a free ticket from the retailer, go through the same procedure to collect their prize money. The only differences in the experience of one who acquires a free entry from the retailer and one who purchases a phone card at the machine are that the purchaser receives one minute of long distance calling for his dollar and sees on a video display whether he is a sweepstakes winner, while the holder of the free entry gets no long distance and looks at the entry itself to see if he is a winner. The only difference between the phone cards and free tickets is that a portion of the Personal Identification Number that appears on the phone cards has been removed from the free ticket with a hole punch. The configurations of symbols that determine whether a particular ticket is a winner are preprinted on all tickets before holes are punched to remove the Personal Identification Numbers from those that will be free tickets. The selection as to which tickets will be phone cards versus free tickets is completely random so that the odds of winning by purchasing a phone card or by obtaining a free ticket are the same. . . ."
 "The Kansas Criminal Code enacted by the legislature now contains a broad prohibition against gambling, gambling operations, and gambling devices. See
K.S.A. 21-4302 through 21-4308. `Gambling' is defined as making a bet or entering or remaining in a gambling place with intent to make a bet, to participate in a lottery, or to play a gambling device. K.S.A. 21-4303." State, ex rel. Stephan v. Finney, 254 Kan. 632, 653
(1994).
Based upon the foregoing definition, there are three issues to be examined: Whether participation in the Lucky Shamrock Phone Card game involves making a bet; whether it constitutes a lottery; and whether the Lucky Shamrock Phone Card Dispenser is a gambling device.
A "bet" is defined as "a bargain in which the parties agree that, dependent upon chance, one stands to win or lose something of value specified in the agreement," with certain exceptions not applicable here. K.S.A. 1996 Supp. 21-4302(a). A "lottery" is defined as "an enterprise wherein for a consideration the participants are given an opportunity to win a prize, the award of which is determined by chance," again with certain exceptions not applicable to this inquiry. K.S.A. 1996 Supp. 21-4302(b).
There are three essential elements of a lottery: (1) consideration, (2) prize and (3) chance. See State exrel. Stephan v. Parrish, 256 Kan. 746 (1994); State v.Finney, supra; State, ex rel. v. Highwood Services, Inc.,205 Kan. 821, 823 (1970); State, ex rel. v. Bissing,178 Kan. 111, 117 (1955). A bet also involves these elements. As described above, the Lucky Shamrock Phone Card Dispenser offers a cash prize which will be awarded by the chance of getting a winning combination of symbols. The only issue to be resolved, therefore, is whether the element of consideration exists, thereby constituting an illegal lottery or the making of a bet.
"Consideration" is defined in part as "anything which is a commercial or financial advantage to the promoter or a disadvantage to any participant." K.S.A. 21-4302(c). "Mere registration without purchase of goods or services; personal attendance at places or events, without payment of an admission price or fee; listening to or watching radio and television programs; answering the telephone or making a telephone call and acts of like nature are not consideration." Id. In Highwood,205 Kan. at 826, the Kansas Supreme Court held that "a consideration of value must flow from those who participate."
In Attorney General Opinion No. 86-102 it was opined that the element of consideration was present in a contest in which the purchase of a newspaper was a prerequisite to participation.
 "A person may only enter the contest on the entry forms printed in the newspaper. The newspaper must be purchased to obtain the forms. There is no provision in the rules for facsimile entries, nor for obtaining free copies of the newspaper. Because the purchase of the newspaper constitutes a detriment to the participant, consideration is present."
Here, by contrast, no purchase is necessary for participation in the game. If the chance to win is available to purchasers and non-purchasers alike, it is our opinion that the game does not include the element of consideration and therefore is not an illegal lottery.
We now turn to whether the Lucky Shamrock Phone Card Dispenser is a gambling device.
K.S.A. 1996 Supp. 21-4302 defines gambling device as follows:
 "(A) Any so-called "slot machine" or any other machine, mechanical device, electronic device or other contrivance an essential part of which is a drum or reel with insignia thereon, and (i) which when operated may deliver, as a result of chance, any money or property, or (ii) by the operation of which a person may become entitled to receive, as the result of chance, any money or property;
 "(B) any other machine, mechanical device, electronic device or other contrivance (including but not limited to, roulette wheels and similar devices) which is equipped with or designed to accommodate the addition of a mechanism that enables accumulated credits to be removed, or equipped with or is designed to accommodate a mechanism to record the number of credits removed or is otherwise designed, manufactured or altered primarily for use in connection with gambling, and (i) which when operated may deliver, as the result of chance, any money or property, or (ii) by the operation of which a person may become entitled to receive, as the result of chance the application of an element of chance, any money;"
From the information provided it appears that the Lucky Shamrock Phone Card Dispenser does not contain a "drum or reel with insignia thereon," and therefore must meet the definition set forth in paragraph (B) in order to be classified as a "gambling device." It also appears that the Lucky Shamrock Phone Card Dispenser is not a mechanism that is equipped with or designed to accommodate a mechanism that enables accumulated credits to be recorded or removed (also known as a knock-off switch). The questions then become whether the Lucky Shamrock Phone Card Dispenser was designed primarily for use in connection with gambling and whether by the operation of the device, a person may become entitled to receive, as a result of chance, any money or property.
Based on the description of the device that has been provided to us, we do not believe that it is the operation of the device which entitles a player to receive money or property. The information you provide indicates the following:
 "The dispenser contains bar code reading software, a bar code scanner, and a video monitor. In order to purchase a minute of long distance time, a person inserts a dollar bill into the machine. After the phone card is dispensed, the bar code scanner simply reads the code on the ticket and displays on the video screen the symbols contained on the ticket. The tickets are printed with the configuration of symbols that appear on the ticket. The machine does not play any part in the selection of symbols that appear on the ticket. The tickets are printed with the configuration of symbols and bar codes before they are ever inserted into the machine."
The machine, as described, does not generate the tickets or determine which of the tickets are winning tickets. It is the ticket which is played, not the machine, and therefore operation of the machine does not render a person entitled to receive any money or property. Further, as it is merely a dispenser and is actually to be used for the non-gambling purpose of selling emergency phone cards, and because the game to be played does not meet the statutory definition of gambling, it does not appear that the machine was manufactured or altered primarily for use in connection with gambling.
In summary, if the element of consideration is absent from the Lucky Shamrock Phone Card game in that no purchase is necessary for participation in this sweepstakes promotion, it is our opinion that the game is not a lottery. Furthermore, the Lucky Shamrock Phone Card Dispenser, as described herein, does not meet the statutory definition of a gambling device. This conclusion assumes the machine and the game will be operated as described herein and not used in an illegal way.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Julene L. Miller Deputy Attorney General
CJS:JLM:jm